UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                                CASE NO. 8:14-cv-246-T-23MAP

KERRY J. DUGGAN,

    Defendant.
_____/

**ORDER**

    The plaintiff is an insurer that issued disability income insurance to the defendant. Alleging that the defendant's application for the insurance included false material statements and that the insurance plan is subject to the Employee Retirement Income Security Act (ERISA), the plaintiff sues (Doc. 24) under ERISA (1) for a judgment declaring that the defendant is not a plan participant (Count I) and (2) for rescission of the plan (Count II). Alternatively, the plaintiff sues (Doc. 24) under Florida law (1) for a judgment declaring that the plan is void or unenforceable (Count III) and (2) for rescission.

    Moving (Doc. 27) to dismiss, the defendant argues that Counts I and II fail to state a claim under ERISA because the plan is not an "employee welfare benefit plan," as defined in ERISA. Also, the defendant argues that, even if the plan is an ERISA plan, ERISA is inapplicable because ERISA's "safe harbor" exemption

applies.  Finally, the defendant argues that, if ERISA applies, Counts III and IV are preempted.

*1. "Employee Welfare Benefit Plan"*

Counts I and II each assert an ERISA claim.  ERISA governs "employee welfare benefit plan[s]," which under 29 U.S.C. § 1002(1) include:

> any plan . . . which was . . . established or maintained by an employer . . . to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . disability . . . .

"By definition, then, a welfare plan requires (1) a plan . . . (2) established or maintained (3) by an employer . . . (4) for the purpose of providing benefits (5) to participants or their beneficiaries."  *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1263 (11th Cir. 2004) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982)).

The defendant cites the five elements of an ERISA plan, argues that the complaint fails each element, and lists the alleged deficiencies:

> The alleged employer – the ostensible plan sponsor -[1] is not even named in the Amended Complaint, other than by reference to the "Individual Disability Income Application."

---

[1] Presumably, a typographical error resulted in the defendant's using different punctuation at opposite ends of an appositive, "the ostensible plan sponsor"; the defendant employs an en-dash at one end and a hyphen at the other. Most authorities on punctuation recommend commas to enclose an appositive, but every authority recommends using the em-dash rather than either an en-dash or a hyphen to highlight a clause. For help with punctuation, the diligent writer might consult, for example, Bryan A. Garner, *The Redbook: A Manual On Legal Style* (3d ed. 2013), or Karen Elizabeth Gordon, *The* New *Well-Tempered Sentence* (1993).

> No allegation names the employer as the plan sponsor of an ERISA plan.
>
> There are no allegations about how the alleged plan was established or maintained;
>
> The name of the person or entity who allegedly is the plan administrator of this ERISA plan is never mentioned in the Amended Complaint.
>
> The plan document is not attached to the Amended Complaint. Instead, an individual insurance policy is attached.
>
> Though BERKSHIRE refers to itself as a "fiduciary" at Paragraph 27 of the Amended Complaint, it offers little more than the conclusory statement that it "exercises discretionary control or control over the management and operation of the Plan" at Paragraph 27 of the Amended Complaint and a citation to ERISA's definitional section. However, no plan document is attached that supports that allegation, and the insurance policy attached as Docket 24-2 fails to support this allegation.
>
> The text of the insurance policy attached to the Amended Complaint at Docket 24-2 does not identify it as a group policy or one issued through an employer.
>
> The insurance policy at Docket 24-2 names the insured as "Kerry J. Duggan."
>
> The insurance policy at Docket 24-2 names the "owner" of the policy as "Kerry J. Duggan."

(Doc. 27 at 3 (footnote added))

The list is inscrutable. The nine listed items are difficult to describe because no unifying characteristic exists. The first four items identify allegedly missing allegations, the next three items identify missing or deficient attachments, and the final two items identify no deficiency. Obviously, the items that identify no deficiency present no reason to dismiss. (For example, the ninth item states, "The

- 3 -

insurance policy at Docket 24-2 names the insured as 'Kerry J. Duggan.'"  (Doc. 27 at 3))  More importantly, each of the seven items that identifies a deficiency fails to identify a necessary element of an ERISA plan that remains unsatisfied because of the deficiency.  Several items are demonstrably false.  (For example, contrary to the first item, the complaint names the defendant's employer by stating, "The Application [which is attached to the complaint] identifies Defendant's employer, The Associated Providers Group . . . ."  (Doc. 24 ¶ 8))  And the remaining items either demand superfluous detail or are not required by ERISA.  *See Smith v. Meese*, 821 F.2d 1484, 1496 (11th Cir. 1987) ("Dismissing the complaint for the failure to choose the correct words, when the meaning of the allegations [is] clear, would return us to the days of the common law forms of pleading."); *Platinum Estates, Inc. v. TD Bank, N.A.*, 2012 WL 760791 (S.D. Fla. Mar. 8, 2012) (Marra, J.) ("The Court will not dismiss an action simply because Plaintiffs fail to use 'magic words' when the pleading is otherwise sufficient.").[2]

*2. ERISA's "Safe Harbor"*

Even if a plan otherwise qualifies as an "employee welfare benefit plan," 29 C.F.R. § 2510.3-1(j) exempts:

> a group or group-type insurance program offered by an insurer to employees . . . , under which

---

[2] The defendant also argues that until recently the plaintiff believed that ERISA is inapplicable to the plan in this action. However, no element of an ERISA plan requires the defendant's constant or historical awareness of the plan's correct legal characterization.

>    (1) No contributions are made by an employer . . . ;
>
>    (2) Participation [in] the program is completely voluntary for employees . . . ;
>
>    (3) The sole functions of the employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
>    (4) The employer . . . receives no consideration in the form of cash or otherwise in connection with the program . . . .

The defendant argues that each element of Section 2510.3-1(j) applies in this action, but the plaintiff responds that the third element is inapplicable.

"The regulation explicitly obliges the employer who seeks its safe harbor to refrain from *any* functions other than permitting the insurer to publicize the program and collecting premiums." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1213 (11th Cir. 1999). The complaint alleges that the defendant's employer both "accept[s] delivery of any policy issued" to the defendant and is the defendant's contact "regarding any increases in coverage." (Doc. 24 ¶ 12) These alleged "functions" exceed the "functions" permitted in Section 2510.3-1(j)(3).

*3. Preemption*

Under 29 U.S.C. § 1144(a), ERISA "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan." The defendant argues that Section 1144(a) preempts Counts III and IV, each of which asserts a claim under state law. However, the plaintiff correctly responds that the state law claims are

alternative claims that are preempted only if ERISA applies, an issue that remains unresolved. Considering an analogous dispute, *Cherniak v. Solow Realty and Development. Co., LLC*, 2013 WL 3757082, at *1 (S.D.N.Y. July 17, 2013) (Baer, J.), explains:

> Defendants . . . urge that ERISA preempts Plaintiff's [state law] claims . . . . [I]ndeed, ERISA will generally preempt a [state law] claim [that] merely amounts to an alternative theory of recovery for conduct actionable under ERISA. But here, Plaintiff brings his [state law] claim . . . in the alternative to his ERISA claim. And at this stage, the Court cannot determine on the pleadings alone whether the [disputed plan] is an ERISA benefits plan. Although Plaintiff alleges that the [disputed plan] was an ERISA plan, it is premature to assume the truth of this allegation given the lack of evidence before the Court . . . . Indeed, Plaintiff at this early stage is not bound for the purposes of his state law claims by his alternative allegation that there was an ERISA plan.

(citations and internal quotation marks omitted).

## CONCLUSION

The defendant's motion (Doc. 27) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on January 15, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE